# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2010

Charles R. Fulbruge III
Clerk

No. 09-30493
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACK WILSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CR-213-1

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jack Wilson pleaded guilty to one count of possession of child pornography and was sentenced to 60 months of imprisonment, a five-year term of supervised release, and a $60,000 fine. He now appeals his sentence, arguing that it is unreasonable.

Wilson argues that his sentence is procedurally unreasonable because the district court failed to sentence him in accordance with the 18 U.S.C. § 3553(a) factors and because it failed to consider the option of alternatives to a term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment. At sentencing, the district court explicitly stated that it had considered the § 3553(a) factors. Further, the district court addressed the request for a non-prison sentence and rejected it as untenable under the circumstances of this case. The record thus belies Wilson's arguments.

Next, Wilson argues that the district court did not give adequate oral or written reasons to support its choice of sentence. We review this argument, raised for the first time on appeal, only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Aside from stating that it had considered the § 3553(a) factors, the district court opined that Wilson would benefit from the structure of the counseling programs offered by the Bureau of Prisons. The district court also stated that a prison sentence would have a necessary deterrent effect. The district court's statements at sentencing reflect that it considered Wilson's arguments for a non-prison sentence and that it had a reasoned basis for imposing a within-guidelines term of imprisonment. Accordingly, the district court gave adequate oral reasons for the selection of the sentence imposed. *See Rita v. United States*, 551 U.S. 338, 356 (2007). Because Wilson's guidelines sentencing range spanned only 14 months, the district court was not required to give written reasons for the sentence selected. *See* § 3553(c)(1). Nevertheless, the district court included written reasons in the Statement of Reasons that were consistent with the reasons given orally at sentencing. Wilson has not shown any procedural error, plain or otherwise, with respect to the imposition of his sentence.

Wilson also contends that his sentence is substantively unreasonable because it is greater than necessary to achieve the goals of sentencing under the circumstances of this case. Wilson's disagreement with the district court's assessment of an appropriate sentence is insufficient to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See United*

*States v. Armstrong*, 550 F.3d 382, 404-05 (5th Cir. 2008), *cert. denied*, 130 S. Ct. 54 (2009); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.